IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DERRICK ANDRE GRANT,     *

  Petitioner,     *     Civil Action No. RDB-19-3341

  v.     *     Criminal Action No. RDB-17-0615

UNITED STATES OF AMERICA,   *

  Respondent.     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

On September 10, 2018, Petitioner Derrick Andre Grant ("Petitioner" or "Grant") pled guilty to one count of Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1). (Plea Agreement, ECF No. 46; Judgment, ECF No. 56.) Grant was arrested with a .45 semi-automatic pistol in Baltimore, Maryland after police officers saw Grant check his pockets for a weapon. (Plea Agreement 9.) On November 16, 2018, this Court sentenced Grant to a term of imprisonment of 180 months followed by 5 years of supervised release. (Judgment 2–3.) Now pending is Grant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 63.) Petitioner primarily alleges ineffective assistance of counsel and violations of his right to a speedy trial. (*Id.* at 4–5.) Petitioner also argues that his prior drug convictions do not qualify as predicates under the Armed Career Criminal Act. (*Id.* at 4.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the following reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 63) is **DENIED.**

## BACKGROUND

Grant stipulated to the underlying facts of his offense in his Plea Agreement. On July 14, 2017, at approximately 8:45 p.m., an officer with the Baltimore Police Department observed Grant grab at his pants pockets, and suspected that he was checking for a weapon. (Plea Agreement 9.) When the officer approached Grant, he fled the scene, tossing a firearm on the ground before entering an alleyway. (*Id.*) The officers recovered the gun, apprehended Grant, and placed him under arrest. (*Id.*) After reading Grant his *Miranda* rights, the officers confirmed that the firearm belonged to him. (*Id.*)

On November 16, 2017, a grand jury returned an indictment charging Derrick Andre Grant with one count of Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1). (Indictment, ECF No. 3.) On September 10, 2018, Grant pled guilty to the firearm possession count. (Plea Agreement 9.) Pursuant to that agreement, Grant consented to designation as an Armed Career Criminal and agreed to a proposed 180-month sentence. (*Id.* at 4) On November 16, 2018, this Court sentenced Grant to a term of imprisonment of 180 months followed by 5 years of supervised release. (Judgment 2–3.) Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on November 20, 2019. (ECF No. 63.)[1]

---

[1] On May 11, 2020, Petitioner filed a Motion for Leave to Supplement or Amend the pending § 2255 motion seeking to supplement his argument under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (ECF No. 71.) While this motion was pending, Petitioner proceeded to file a Supplement to his Motion to Vacate, Set Aside, or Correct Sentence on June 9, 2020. (ECF No. 77.) Grant filed a Notice of Dismissal on August 19, 2021, (ECF No. 94), and this Court approved its dismissal on August 27, 2021. (ECF No. 95.). As Grant has voluntarily dismissed his Supplement, the pending Motion for Leave to Supplement or Amend (ECF No. 71) is **DENIED** as moot.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a prisoner in custody may move to vacate, set aside, or correct his sentence on four grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose the sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) "the sentence 'is otherwise subjected to collateral attack.'" *Hill v. United States*, 368 U.S. 424, 426–27 (1962) (quoting 28 U.S.C. § 2255). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

The scope of a § 2255 collateral attack is far narrower than an appeal, and "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). Thus, procedural default will bar consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant show[s] cause and actual prejudice resulting from the errors of which he complains." *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 2010).

## ANALYSIS

Through the instant motion, Petitioner argues that this Court should vacate his sentence on three grounds. First, Grant claims that he received ineffective assistance of counsel because his attorney failed to investigate his prior convictions for possession with intent to distribute a controlled substance, which served as the basis for his designation as an armed career criminal under the Armed Career Criminal Act ("ACCA"). (Pet. Mot. 4–5.) Grant

also claims that counsel was ineffective for failing to pursue a writ of *coram nobis* regarding his previous convictions. (*Id.*) Second, Grant argues this Court violated his right to a speedy trial. (*Id.* at 5.) Third, Petitioner contends that his prior felony drug convictions do not qualify as predicate offenses under the ACCA pursuant to the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *United States v. Davis*, 139 S. Ct. 2319 (2019). (*Id.*) Fourth, Petitioner alleges that his predicate offenses are facts that should have been submitted to a jury, in accordance with *Alleyene v. United States*, 570 U.S. 99 (2013). (*Id.*)[2]

Each of Grant's arguments fail. First, Grant fails to meet the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governing ineffective assistance of counsel because he does not provide a sufficient showing of prejudice. Second, the Court adhered to the parameters of the Speedy Trial Act of 1974, and, thus, did not violate Grant's right to a speedy trial. Third, *Johnson* and *Davis* addressed statutory definitions of "violent felony" and "crime of violence," and have no bearing on Grant's predicate drug convictions. Finally, *Alleyene* does not require ACCA predicate convictions to be submitted to a jury. Accordingly, Petitioner's assertions cannot sustain a collateral attack on his sentence.

## I.    Petitioner's Ineffective Assistance of Counsel Claim Fails

Petitioner's ineffective assistance of counsel argument is unsupported. A freestanding ineffective assistance of counsel claim may be properly asserted for the first time in a § 2255 motion. *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991). To state a claim for

---

[2] As noted above, Grant also alleged that the Government did not meet its burden of proving his guilt, pursuant to the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (Pet. Mot. 5; Supp. Mot. 2–3.) Petitioner withdrew this final argument when he voluntarily dismissed his Supplemental Motion, (*see* Notice of Dismissal, ECF No. 94), and this Court approved its dismissal. (Order of Approval, ECF No. 95.)

relief based on a Sixth Amendment claim of ineffective assistance of counsel, the petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the petitioner to show (1) "that counsel's performance was deficient;" and (2) "that the deficient performance prejudiced the defense." 466 U.S. at 687. In applying *Strickland*, it is unnecessary to address both prongs if the petitioner makes "an insufficient showing on one." *Moore v. Hardee*, 723 F.3d 488, 500 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697). Thus, ineffective assistance of counsel claims may be denied solely on a deficiency in either the "prejudice" prong or the "performance" prong. *See Strickland*, 466 U.S. at 697.

The first, or "performance," prong requires a showing that counsel's representation fell below an "objective standard of reasonableness." *Id.* at 688. In making this determination, this Court applies "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 688–89; *see Yarbrough v. Johnson*, 520 F.3d 329, 337 (4th Cir. 2008) (highlighting importance of avoiding "the distorting effects of hindsight" (quoting *Strickland*, 466 U.S. at 689)). Counsel's performance must be "evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of reasonableness is highly deferential." *United States v. Roane*, 378 F.3d 382, 404–05 (4th Cir. 2004) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 281 (1986)).

The second, or "prejudice" prong, requires the petitioner to demonstrate that counsel's alleged errors deprived him of a fair trial. *Strickland*, 466 U.S. at 687. "To satisfy the second prong, a petitioner must show that 'there is a reasonable probability that, but for counsel's [alleged] errors, the result of the proceeding would have been different.'" *Mahdi v. Stirling*, 20 F.4th 846, 894 (4th Cir. 2021) (quoting *Strickland*, 466 U.S. at 694). Additionally, a petitioner

faces a greater burden when he alleges ineffective assistance of counsel after a guilty plea has been entered. *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). In such a case, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Grant asserts that his attorney was ineffective for two reasons. First, Petitioner alleges that his attorney failed to investigate his prior convictions, which served as predicate offenses under the ACCA. (Pet. Mot. 4.) Second, he argues that defense counsel failed to file a writ of *coram nobis* pertaining to his prior convictions. (*Id.*) Both allegations fail to meet the "prejudice" prong under *Strickland*.

First, Grant argues his attorney failed to investigate the truthfulness and reliability of his predicate offenses. (Pet. Mot. 4.) However, as Petitioner pled guilty, he must establish "a reasonable probability that, 'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper*, 845 F.2d at 475 (quoting *Hill*, 474 U.S. at 59). Grant makes no showing that he would have proceeded to trial had counsel investigated his predicate offenses. To the contrary, the record suggests Grant would have maintained his plea. During Grant's initial sentencing hearing on November 6, 2018, counsel presented Petitioner's concerns regarding his prior convictions and his designation as an armed career criminal. (Sentencing Hr'g Tr. 4, ECF No. 73-3.) This Court explained that Petitioner's criminal history placed him in an advisory Guidelines range of 168 to 210 months, even without an ACCA enhancement. (*Id.* at 5–6) Grant was accordingly advised that he could be acquitted at trial if he withdrew his guilty plea, but that a conviction could carry a sentence of up to 210 months.

(*Id.* at 6). This Court rescheduled Grant's sentencing to November 16, 2018, to allow Grant to consult with his attorney. (Order, ECF No. 51.) After being advised of all the above and provided time to consult with counsel, Petitioner maintained his guilty plea. (*See* Judgment 1.) These facts suggest that Petitioner would *not* "have insisted on going to trial," even if his prior convictions did not serve as ACCA predicates. *Cf. Hooper*, 485 F.2d at 475. Petitioner fails to allege facts that meet the "prejudice" prong of the *Strickland* test.

Second, Petitioner claims that his counsel was ineffective for failing to file a writ of *coram nobis*. This claim also lacks merit. *Coram nobis* is an extraordinary remedy that should be granted only in "'extraordinary' cases presenting circumstances compelling its use 'to achieve justice.'" *United States v. Denedo*, 556 U.S. 904, 911 (2009) (quoting *United States v. Morgan*, 346 U.S. 502, 511 (1954)). Petitioner fails to demonstrate how his circumstances were so extraordinary as to have demanded such relief, nor does he explain how counsel's performance "prejudiced" him on this basis. Accordingly, his attorney's decision not to pursue *coram nobis* relief does not amount to ineffective assistance of counsel.

Because Petitioner fails to allege the kind of "prejudice" necessary to satisfy the second *Strickland* prong, this Court need not evaluate the "objective reasonableness" of his attorney's performance. *Moore*, 723 F.3d at 500. Accordingly, Petitioner's ineffective assistance of counsel claim fails.

## II.     The Court Did Not Violate Petitioner's Right to a Speedy Trial

Petitioner's argument that this Court violated his right to a speedy trial is unavailing. As the Supreme Court explained in *Bloate v. United States*, 559 U.S. 196 (2010):

> The Speedy Trial Act of 1974 (["Speedy Trial Act"]), 18 U.S.C. § 3161 *et seq.*, requires that a criminal defendant's trial commence within 70 days after he is

charged or makes an initial appearance, whichever is later, see § 3161(c)(1), and entitles him to dismissal of the charges if that deadline is not met, § 3162(c)(2). The Act, however, excludes from the 70-day period delays due to certain enumerated events. § 3161(h).

559 U.S. at 198–99. Among such exclusions, "'delay resulting from a continuance' granted by the district court may be excluded if the district court makes the findings required by § 3161(h)(7)." *Id.* at 199 (quoting § 3161(h)(7)). Moreover, "[a]ny period of delay resulting from a continuance granted by any judge . . . at the request of the attorney for the government" may be excluded if the court determines that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* (quoting § 3161(h)(7)(A)).

Grant alleges that this Court violated his right to a speedy trial by granting two continuances on March 14, 2018 and June 20, 2018. (Pet. Mot. 5.)[3] This claim is unavailing, as each delay falls within the carveouts contemplated by the § 3161(h) of the Speedy Trial Act.

Grant's initial trial date was set for July 30, 2018. (Scheduling Order, ECF No. 15.) On March 14, 2018, and June 20, 2018, the Government moved for the exclusion of delay to allow time for pretrial motions, review of discovery, and plea negotiations. (Mot. to Exclude Time, ECF No. 16, 37.) This Court granted two continuances in response to that motion: The first continuance excluded delay from January 16, 2018 to July 30, 2018, (ECF No. 17), while the second continuance excluded delay from July 30, 2018 to November 12, 2018. (ECF No. 38.) Consistent with § 3161(h)(7)(A), this Court granted these requests on the grounds that any

---

[3] Petitioner also asserts that he never provided a signature agreeing to waive his right to a speedy trial. (Pet. Mot. 5.) However, the Speedy Trial Act does not require the defendant's signature to grant a continuance. *See* § 3161.

delay resulting from continuances for the filing of pretrial motions, the motions hearing, and the trial itself was in the interest of justice and outweighed the interests of the public and the Petitioner in a speedy trial. (Order, ECF No. 17, 28.) Defense counsel did not object to either continuance. Accordingly, the Speedy Trial Act was tolled during this time.

Furthermore, this Court's scheduling adjustments complied with the Speedy Trial Act. At the request of defense counsel, this Court issued an Amended Scheduling order on June 19, 2018, and pursuant to that order, this Court held a hearing on September 10, 2018. (Amended Scheduling Order, ECF No. 36.) On September 10, 2018, Petitioner pled guilty, (Plea Agreement), and sentencing was promptly scheduled for November 6, 2018. (Sentencing Order, ECF No. 48.) This Court rescheduled sentencing to November 16, 2018 in response to Petitioner's concerns regarding his prior convictions, (Order, ECF No. 51), and this Court entered its judgment on that date, (Judgment). With each adjustment, the Speedy Trial Act was tolled at the request of the parties, in accordance with § 3161(h)(7)(A). Accordingly, this Court did not violate Petitioner's right to a speedy trial.

### III.    Petitioner's Predicate Offenses Under the ACCA are Unaffected by the Cited Supreme Court Decisions

Petitioner's arguments regarding his designation as an armed career criminal are without merit. Section 2255 permits petitioners to collaterally attack their sentence on narrow grounds. *See Frady*, 456 U.S. at 165 ("[A] collateral challenge may not do service for an appeal.") As "[t]he language of § 2255 makes clear that not every alleged sentencing error can be corrected on collateral review," *United States v. Foote*, 784 F.3d 931, 932 (4th Cir. 2015), a court may only address sentencing errors that present a "'fundamental defect which inherently results in a complete miscarriage of justice.'" *Davis v. United States*, 417 U.S. 333, 346 (1974)

(citing *Hill v. United States*, 368 U.S. 424, 428 (1962)). Petitioner fails to establish any cognizable

sentencing errors in his motion.

Grant argues that his Maryland convictions for possession with intent to distribute are

not valid predicates for a sentence enhancement under the Armed Career Criminal Act. (Pet.

Mot. 4.) The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924 *et seq.*, defines an "armed

career criminal" as an individual who violates 18 U.S.C. § 922(g) and has three independent

prior convictions for either a "violent felony or a serious drug offense, or both." 18 U.S.C. §

924(e)(1). A "serious drug offense" is defined as "an offense under State law, involving

manufacturing, distributing, or possessing with intent to manufacture of distribute, a

controlled substance . . . for which the maximum term of imprisonment is ten years or more."

§ 924(e)(2)(A). Pursuant to 18 U.S.C. § 924(e)(1), a person who qualifies as an armed career

criminal under the ACCA and is subsequently convicted under 18 U.S.C. § 922(g) is subject

to a fifteen-year mandatory minimum sentence.

Grant contends that his prior drug offenses do not qualify as "serious drug offenses"

under the ACCA, and he cites to *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *United States

v. Davis*, 139 S. Ct. 2319 (2019) to support his claim. (Pet. Mot. 4.) Neither case is applicable.

In *Johnson*, the United States Supreme Court held that the "residual clause" of the ACCA's

definition of "violent felony" was unconstitutionally vague. 135 S. Ct. at 2557. After *Johnson*,

an offense can only qualify as a "violent felony" under the ACCA if it falls under the "elements

clause" or is one of the ACCA's enumerated offenses. *Id.* at 2555–56. Similarly, in *Davis*, the

Supreme Court held that the "residual clause" of 18 U.S.C. § 924(c)'s definition of "crime of

violence" was unconstitutionally vague. 139 S. Ct. at 2323–24. Following *Davis*, an offense

may only constitute a "crime of violence" under § 924(c) if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* at 2325 (quoting 18 U.S.C. § 924(c)(1)(A)).

Neither *Johnson* nor *Davis* had any impact on the definition of a "serious drug offense" under the ACCA. Grant's designation as an armed career criminal was not predicated on "violent felonies" under the ACCA, or "crimes of violence" pursuant to § 924(c), but on three prior convictions for "serious drug offenses"—specifically, possession with intent to distribute a controlled substance under Maryland law. Accordingly, *Johnson* and *Davis* have no bearing on Petitioner's § 922(g) conviction or his subsequent ACCA enhancement, and Petitioner fails to establish a cognizable sentencing error on these grounds.

Additionally, Petitioner argues that only a jury can make the necessary findings of fact that may trigger a mandatory minimum sentence, in accordance with *Alleyne v. United States*, 570 U.S. 99 (2013). The United States Supreme Court has held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *accord Alleyne v. United States*, 570 U.S. 99, 103 (2013) (extending *Apprendi* to any fact "that increases the mandatory minimum sentence for a crime"). Petitioner's reliance on *Alleyne* is erroneous. As the Fourth Circuit has noted, that case only applies to "facts" that are the result of judicial fact-finding, not a "fact" of prior conviction. *United States v. McDowell*, 745 F.3d 115, 124 (4th Cir. 2014); *accord United States v. Washington*, 574 F. App'x 262, 264 (4th Cir. 2014) (noting that *Alleyne* "does not require prior convictions to be alleged in an indictment and submitted to the jury"); *United States v. Al–Suqi*, 581 F. App'x

11

212, 215 (4th Cir. 2014) ("*Alleyne* requires that any fact, other than a prior conviction, that increases the statutory minimum punishment is an element of the offense that must be proved beyond a reasonable doubt."). Accordingly, Petitioner's allegation of a sentencing error is unsubstantiated.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Pet. Mot.) is DENIED.

Pursuant Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, this Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *Untied States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated:        February 10, 2022

                                                    _____/s/_____
                                                    Richard D. Bennett
                                                    United States District Judge

12